# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. A-09-CR-569 JRN |
| | § | |
| ERNEST CHRISTOPHER GREENE | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on October 24, 2011, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

### I. PROCEDURAL BACKGROUND

On February 28, 2003, the Defendant was sentenced by Judge Orlando Garcia to 120 months of imprisonment, followed by five years of supervised release, for distribution of cocaine base, in violation of 21 U.S.C. § 841. On June 5, 2009, the Defendant's sentence was reduced to 104 months, and the Defendant began supervision on July 7, 2009.

Initially, the Defendant generally did well on supervision, with one exception. He has struggled with addiction issues, beginning first in November of 2009. After he tested positive for use of cocaine then, jurisdiction was transferred to this division, and the case assigned to Senior

Judge James R. Nowlin. The Court was notified of the cocaine use, and concurred in the Probation Offices's recommendation of no action at that time. Greene was referred for intensive outpatient substance abuse treatment, which he successfully completed on August 13, 2010. In July 2011, Greene again relapsed and tested positive for cocaine use, and continued to test positive through September 2011. He admitted use on all of these occasions. Based on this, the Probation Office submitted its petition, and on October 12, 2011, the undersigned authorized the issuance of a warrant. The Defendant was arrested on that warrant on October 17, 2011.

On October 24, 2011, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by using cocaine on numerous occasions between July and September 2011.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. While the Court is concerned by the Defendant's relapses during supervision, the Court notes that the Defendant has otherwise remained free of any criminal activity during the two-and-a-half years he has been on supervised release. This is no small task given the Defendant's criminal history, and given the fact that he spent roughly seven years in federal prison

immediately prior to commencing his supervision. Further, the Defendant clearly has issues relating to depression and anxiety that he has not addressed, despite being given resources to do so.

On the other hand, the Court notes that the Defendant's conduct has not been exemplary over the past two years. In addition to his cocaine use, the Defendant's employment has been sporadic at best, and he has not made sufficient efforts to find stable employment. He has not taken full advantage of the substance abuse and counseling resources available, and has not addressed his mental health issues. Presented with these circumstances, the Court informed the Defendant that it was skeptical of his ability to successfully complete another two-and-a-half years of supervision, without a significant change in attitude and approach. The Court informed the Defendant that if it made a recommendation of revocation today, it would recommend a sentence in the low end of the 8-14 month advisory guideline range for this violation. The Court further stated that, if the Defendant requested the opportunity to remain on supervision, it would make that recommendation, but if the Defendant did not succeed this time, the consequences would be more severe the next time around. Faced with this choice, the Defendant asked to be continued, and insisted he could complete the remainder of his supervision successfully.

The Government indicated that this case presented a mandatory revocation situation under 18 U.S.C. § 3583(g)(4).[1] The Court notes that an exception to the mandatory revocation provision found in 18 U.S.C. § 3583(g)(4) applies here. The statutory exception applicable here is found at 18 U.S.C. § 3583(d), which states in part that "the court shall consider whether the availability of

---

[1] Section 3583(g)(4) provides that "[i]f the defendant as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year . . . the court *shall* revoke the term of supervised release and require the defendant to serve a term on imprisonment. . . ." *Id.* (emphasis added).

4

appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception to [§ 3583(g)]." As noted above, while the Defendant has been evaluated and identified as having depression and anxiety issues, it does not appear that he has submitted to treatment for this condition in a manner that would allow him to have a better chance of success with his substance abuse treatment. In light of these issues, in the Court's opinion it makes far more sense to provide the Defendant the opportunity to receive additional, follow-up substance abuse treatment while the Defendant is receiving treatment (and any necessary medication) for his depression and anxiety, all outside a prison environment, before once again using incarceration to address these issues.

Taking into account all of this, the Court RECOMMENDS that the Defendant's supervision be CONTINUED. While there is no need for a modification of the Defendant's conditions in this regard, the Court RECOMMENDS that the Probation Office be directed to instruct the Defendant to approach either the Veteran's Administration or Texas MHMR to obtain a psychiatric consult and prescription for any needed medication, consistent with the recommendation contained in John R. Gould, Ph.D.'s Forensic Evaluation dated September 29, 2009.

In the event the District Judge adopts this recommendation, the Defendant will have been given a second chance. The Court warns the Defendant that if he is continued, and is then unsuccessful on supervision, the Court will have no choice but to enforce its orders with more serious sanctions. To be successful, the Defendant will have to obtain stable employment, address his mental health issues, and remain free of illegal drug use. The Defendant stated at the hearing that he intends to do all of these things. While the statement is of some value, the Defendant's actions will be what matters, and what will be necessary for him to succeed.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of October, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE